FILED APR 21 2011
IN THIS OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
By ...

| | |
|---|---|
| Albert C. Burgess, Jr., | ] |
| Plaintiff | ] |
| | ] |
| vs. | ] CIVIL COMPLAINT |
| | ] -JURY TRIAL DEMANDED- |
| David B. Williams; Jamie Minor; | ] |
| Equity Based Services, Inc.,; | ] |
| Southern Health Partners, Inc.; | ] |
| Asa McNeely; ABL Managements, Inc. | ] |
| Evercom Systems, Inc.; The | ] |
| Charlotte Observer Publishing Co. | ] |
| Inc.; Myron McCall; James Skaggs; | ] |
| Bagwell and Associates Auction Co. | ] |
| Inc.; Carolyn Collins; Security | ] |
| Transport Services, Inc.,; Don W. | ] |
| Farley; Steve Shortell; Smiley's | ] |
| Markets and Malls, Inc.; Doug | ] |
| Arbogast; Duke Energy, Inc.; | ] |
| Bob Barker Company, Inc.; Thomas | ] |
| George Associates, LTD; Applies | ] |
| Solutions, Inc.; Sunshine | ] |
| Chevrolet, LLC; Bill Bean; A. | ] |
| Thompson; Jeff Hunt, D/B/A | ] |

| | |
|---|---|
| Georgetown Self Storage; Sandy | ] |
| Blakemore; Matthew S. Roberson; | ] |
| ADP Lemco, Inc.; C. Martin Scott, | ] |
| II; James Bradford; Institutional | ] |
| Products, Inc.; National Bank of | ] |
| York County; Bank of Asheville; | ] |
| Danny Durham; John Spainhour; | ] |
| Jeff Stiffler; Aramark Corp; | ] |
| Bank of America; Marcus Manos; | ] |
| Wells Fargo Bank, d/b/a Wachovia | ] |
| Bank; Travelers Indeminity Co.; | ] |
| Dennis J. Dorn; Beckye Partlow; | ] |
| | ] |
| | ] |
| Defendants | ] |

NOW COMES the Plaintiff, pro se, and alleges and says:

## JURISDICTION

1. That the jurisdiction of this Court is brought under 28 U. S. C. A. §1331 and §1332. Venue is brought under 28 U. S. C. A. §1391.

## PLAINTIFF

2. That Albert C. Burgess, Jr., is a citizen and resident of Virginia, which was accomplished prior to his incarceration in North Carolina and later the Federal BOP and is hereafter referred to as the Plaintiff.

## DEFENDANTS

3. That David B. Williams, Jamie Minor, Carolyn Collins, Doug Arbogast, A. Thompson, Jeff Hunt, Sandy Blakemore, Matthew S. Roberson, Scott Martin, II, John Spainhour, Marcus Manos, and Dennis J. Dorn are all citizens of North

4. That Equity Based Services, Inc., Southern Health Partners, Inc., ABL Management, Inc., Evercom Systems, Inc., The Charlotte Observer Publishing Company, Inc., Security Transport Services, Inc., Smiley's Markets and Malls, Inc., Duke Energy, Inc., Bob Barker Company, Inc., Thomas George Associates, LTD, Applied Solutions, Inc., Sunshine Chevrolet, Inc., ADP Lemco, Inc., Institutional Products, Inc., National Bank of York County, Bank of Asheville, Aramark Corp., are all foreign corporations or North Carolina corporations, all of which have done enough business in North Carolina to invoke the jurisdiction of this Court.

5. That Asa McNeely, Myron McCall, James Skaggs, Don W. Farley, Steve Shortell, Bill Bean, James Bradford, Danny Durham, Jeff Stiffler, and Beckye Partlow are either residents of North Carolina or have involked the jurisdiction of this Court by their contacts with North Carolina or by their actions in North Carolina.

## STATEMENT OF FACTS

6. That the claims included herein are breach of contract, negligence, violation of civil rights, fraud and misrepresentation. These Defendants heaped their abuse on the Plaintiff because he was in prison or had been in prison. As Andy Griffin would have waxed, "Mr. Mayor we don't want to kick a man while he is down." Not this bunch. They love kicking someone when they are down.

7. That Matthew S. Roberson, C. Martin Scott and ADP Lemco, Inc., did abuse the trust between attorney and judge in that they misrepresented the law and facts to Superior Court judges in North Carolina in a fraudulent manner. The Plaintiff was proceeding in civil actions to collect monies due to him for breach of contract. His partner, in a partnership, had declared bankruptcy. According to Superior Court Judge Forrest Bridges from Spindale, N. C., once a partner declares bankruptcy the partnership is DISSOLVED. That did not stop these rouge companies and lawyers from proceeding full speed ahead with having the civil suits dismissed saying, incorrectly that the Plaintiff could not proceed pro se and having them dismissed. This was fraudulent and illegal and the Defendants were and are fully aware of

aware of this fact. The cause of action is still active as a Rule 59 is still pending before the Superior Court of Buncombe County, N. C.

8. That Jamie Minor and David B. Williams did take money from the Plaintiff, the exact amount of his bond in a criminal case, then charge him for borrowing money from them in violation of North Carolina law. This act was illegal and known by the Defendants to be illegal and in fact made them a lending institution wherein they charged interest to the Plaintiff for posting his own bond. This was also an act of fraud and misrepresentation.

9. That Equity Based Services, Inc., operates a self storage facility through companies, in Hendersonville, N. C. The Plaintiff had a unit rented from this Defendant. The Defendant did illegally give away and allow to be stolen the property of the Plaintiff and then try to blame the action on employees when in fact the company itself did the illegal action. The Defendant was denied due process of law, was never evicted from the property, nor was any due process observed. This Defendant hires and maintains devious employees and practices deceptive trade practices to enrich its own pockets. The Plaintiff suffered a serious financial loss as a result of the actions of this Defendant.

10. That Southern Health Partners, Inc., operates medical facilities at the McDowell County and Buncome County Jails. This is the new way of extorting money by taking money from counties and then not providing the medical services promised. The Plaintiff was denied, by employees of this Defendant, proper medical services at both jails. The Plaintiff could not hear, could not see from his glasses, was not provided diabetic meals at either facility, was denied completely his medicine at the Buncombe County Jail, and suffered severe pain because of the actions of the employees of this Defendant in violation of 42 U. S. C. A. §1983 and under <u>Bivens</u> as the employees were also working under color of federal law as the Plaintiff was in federal custody.

11. That Asa McNeely is the jail administrator at McDowell County and ABL Management provides the food service and Aramark the canteen services and Evercom the phone services. McNeely contracts, at public expense, to provide food, canteen and phone services. All three are sweet heart deals to the benefit of McNeely. ABL Management provides pathetic meals and does not provide any diabetic meals which the Plaintiff needed. Aramark provides canteen services and sells inmates expired products that are unhealthly and provided nothing for a diabetic inmate as the Plaintiff is. Evercom charges inmates over a dollar a minute for phone calls in a price gouging effort, denies inmates free access to the phone and to their lawyers, as Evercom will tell all prospective persons called by inmates that they are required to have an Evercom account or the inmate may not call. This denied the Plaintiff access to his lawyers and to the Courts. McNeely profits from each of these companies deals. ABL furnishes elaborate meals to McNeely and the jail staff and sheriff (shrimp, pizza, fried chicken, etc.,) all coming out of the jail budget billed for INMATE meals. In addition, the jail run by McNeely, who has to approve everything that goes on, denied the Plaintiff ANY access to books, ANY outdoor or indoor exercise, and maintained a nasty, filthy jail for the Plaintiff to reside in. Clothes were ill fitting, clothes were not regularly washed, the cells and common areas were not cleaned on any regular basis and the facility was improperly staffed. Sometimes, often in fact, they would have one jailer working over 110 inmates and THREE separate cell blocks. When the U. S. Marshal's and the NC Department of Corrections would inspect McNeely would cause additional staff to show up to work on those infrequent times as to insure he passed inspection.

12. That the Charlotte Observer Publishing Company, Inc., and Danny Durham did in fact cause patently false and materially false lies to appear in the newspaper -or yellow journalism rag- called the Charlotte Observer. The lies libeled and slandered the Plaintiff and were known by both parties to be lies. This damaged the Plaintiff and caused extensive injury.

13. That Myron McCall does some sort of service for James Skaggs, who pays McCalls bills and the two of them are probably doing something illegal, as McCall either went to jail for Skaggs or did not tell on him, which would have resulted in Skaggs going to jail. Within a year of being off Supervised Release from a federal conviction, McCall, who was penniless, owned a $250,000.00 home in an exclusive section of Greenville, S. C., and was working on another home valued in excess of $800,000.00 which he also owned with Skaggs. McCall is provided a monthy expense account by Skaggs. McCall also contracted with the Plaintiff to provide certain services regarding the Plaintiff's personal property. McCall failed to perform as promised and the Plaintiff suffered financial loss. Skaggs is responsible for paying McCall's bills and regularly does so. McCall purchased flat screen televisions for a business which he intentionally caused to close, then refused to return to the Plaintiff the money he had borrowed for said televisions. Both are in debt to the Plaintiff.

14. That Bagwell and Associates Auction Company, Inc., did defraud the Plaintiff when it represented a 1980's Russian Officers Wool Coat as being from WWII. The Plaintiff, not knowing of the fraud, tried to sell the coat on Ebay. The Plaintiff was then informed about the fraud and his reputation in his Ebay store suffered from an unhappy customer as the Plaintiff sold the coat as he was sold the coat, that is as a WWII coat. The Defendant knew the representations about the coat were false but made them anyway.

15. That Carolyn Collins did help and hide money owed to the Plaintiff by a party who is now deceased. Collins had previously hidden assets belonging to Clinkscales from the US Bankruptcy Court so that Clinkkscales could deceive the Court and keep his property. Collins was put on notice that she owed the Plaintiff for Clinkscales debts by her felonious actions but refused to pay. The Plaintiff has suffered serious financial losses as a direct result.

16. That Security Transport Services, Inc., Steve Shortell and Don W. Farley acted together in concert with each other, all law enforcement entities, to endanger and torture the Plaintiff with their actions. Security did cause the Plaintiff, a diabetic with high blood pressure, to stay hand cuffed and shackled for 22 hours and his blood pressure was so high following this that he was refused admittance to a county jail in Wilmington, N. C., to be housed overnight, and had to be treated at the Emergency Room of the New Hanover County Memorial Hospital. This caused the Plaintiff extreme pain and suffering and did in fact endanger his life. Shortell and Farley authorized the release of the Plaintiff to Security. While at the Rockingham, VA., jail, where Shortell and Farley work, the Plaintiff was denied his pain medication, which was seized and used by the staff, all white, and bragging of membership in the KKK, was tortured because of his crime and was denied proper food and even denied water. These actions were intentional and a deliberate indifference to a known constitutional right of the Plaintiff.

17. That the Plaintiff rented a space from Smiley's Markets and Malls with the assurance that the laws of the United States would be followed. That all persons renting would produce valid United States citizenship or Green Card papers. That no stolen merchandise would be allowed to be sold. That no non citizens would be allowed to participate in the business, which was a Flea Market. Contrary to these promises made by the Defendants, just the opposite was practiced. The Plaintiff could not operate his store at a profit because the Defendant willingly allowed stolen goods to be sold by illegal aliens who swamped the lot each week. No laws were enforced. The Plaintiff lost considerable income because of the fraud and practiced lawlessness of the Defendant.

18. That Doug Arbogast operated a auction house. He accepted numerous items from the Plaintiff to auction. When they did not sell the first week, the Plaintiff tried to retrieve them but was told by Arbogast that he would eventually

sell them and told the Plaintiff not to retrieve them. Later, the Plaintiff tried to be paid for the items but Arbogast would not respond to the Plaintiff and instead stole and took away the property of the Plaintiff. That the Plaintiff has suffered financial loss as the result of the fraudulent actions of this Defendant.

19. That Duke Energy did keep money the Plaintiff put up as a deposit to use electricity sold by the Defendant. The Defendant promised eight per cent in interest on the deposit. The Plaintiff called and asked that the power be cut off, but Duke refused, instead keeping the power on and charging the Plaintiff. Then, Duke would not return the deposit or pay for the electricity used without the authorization of the Plaintiff. This act of fraud enriched the Defendant while denying the Plaintiff his money due. The Defendant finally paid the Plaintiff a portion of what was owed. The Plaintiff suffered financial loss as a result of the actions of the Defendant, which were fraudulent.

20. That Bob Barker Company sells defective products which have caused the Plaintiff pain and suffering and has done so in concert with law enforcement officials in violation of the Plaintiff's known Constitutional rights to be free from pain and suffering. Barker sells junk made anywhere but the United States. He misrepresents products as being mattresses, shoes and other items when in fact the only place he could sell them would be China or Vietnam. The products have caused the Plaintiff extreme pain and suffering because the Plaintiff suffers from neuropathy and collapsed vertebra in his neck. None of the products the Defendant sells are made for this use, yet they are not so marked. Instead, agents of this Defendant represent them to be good for use by everyone. This Defendant knowingly and intentionally violates the rights of the Plaintiff and subjects him to cruel and unusual punishemnt.

21. Thomas George Associates and Travelers Indeminity Co, on assignment to this Plaintiff. Thomas George did harass and threaten a party to a car wreck

which was covered by Travelers, for which the party had paid his insurance to. Although the party was not at fault, Travelers refused to pay. Thomas George began to threaten and harass the Plaintiff into paying for something that was not his fault. The Plaintiff suffered from this constant threatening and harassment and deserved none of it. The Plaintiff is entitled to damages as a result of the actions of Travelers, for breach of contract, and from Thomas George for threats and harassment in violation of state and federal law.

22. That Applied Solutions, Inc., did contract with the Plaintiff to provide expert testimony in his criminal trial in the WDNC. However, this was as far as it went. The Defendant was incompetent and misrepresented himself as an expert when he in fact he was anything but. Because of these misrepresentations, the Plaintiff was found guilty of a crime he was legally innocent of. The damage suffered by the Plaintiff is enormous and this Defendant is responsible for all of it.

23. Sunshine Chevrolet, LLC did promise to pay the Plaintiff for car parts which were ordered incorrectly and then received late, which the Plaintiff was caused to pay extra for. The Plaintiff has suffered financially because of the breach by Sunshine and by the negligence of Sunshine in not ordering the correct parts to begin with. This claim comes from the company Sunshine purchased in Fletcher, N. C.

24. That Bill Bean did represent the Plaintiff in collecting a legal debt and judgment in Spartanburg County, S. C. That Bean, who has clients in North Carolina and other states, is an expert at collecting debts. That the person who owed the Plaintiff money had an asset which was considerably more than the debt owed yet Bean, who was negligent in his representation, did not attach a lien to the real property of this person and did in fact commit legal malpractice. The Plaintiff was denied the money he was owed because of the negligence of Bean and the legal malpractice he committed by not doing the job he promised to do.

25. That A. Thompson caused criminal charges to be brought against the Plaintiff in what is called False Imprisonment. Thompson twice brought charges against the Plaintiff for Failure to Registered as a Sex Offender despite the known fact that only one charge may be brought and it was already brought in Henderson County. Thompson, a police officer, misused his position of authority, lied to a magistrate judge in Translvania County, and at the bequest of Pat Redden of Henderson County, N. C., did in fact "stack" the bond of the Plaintiff so that he could not make it. Thompson also brought a second charge once the negligence he demonstrated resulted in the first charge being subjected to dismissal because Thompson never afforded the Plaintiff due process. These actions were criminal in nature and punishable by this civil action. Thompson intentionally violated the Constitutional rights of the Plaintiff by his actions.

26. That Jeff Hunt, d/b/a Georgetown Self Storage did try to flim flam the Plaintiff when the Plaintiff purchased from a friend of Hunt, substantial items which Hunt wanted. Hunt, once the Plaintiff purchased the items, immediately caused a rate increase at his storage facility and then tried to keep the Plaintiff from accessing his own property in hopes that the Plaintiff would leave the property where Hunt could seize it. Hunt held the property of the Plaintiff hostage so that he could steal it away from the Plaintiff. The Plaintiff suffered financial loss because of Hunt's actions.

27. That Sandy Blakemore, a licensed real estate agent, did make false representations about the property of her sister in order to induce the Plaintiff into renting said property. Blakemore represented the property to be sound, to be a luxury apartment and to be quiet, very quiet. Instead, such representations, made at a showing during the time the noise was concealed, failed to show that the apartment was over three electric garage door openers directly attached to joist, failed to inform the Plaintiff about faulty plumbing, failed to notify the Plaintiff that a homosexual brothel was being operated directly across from

said apartment, failed to notify the Plaintiff that asbestos and lead paint was all over the aged building where the apartment was located and generally did a "sing song" about how great the place was, knowing it was false. Plaintiff was damaged as a result of these actions and suffered financial as well as health losses.

28. That James Bradford, Institutional Products, Inc., and Jeff Stiffler did violate the laws of South and North Carolina by accessing the Sex Offender Registry to intimidate and cocerce the Plaintiff into dropping suits against them, suits which were very meritious. That these Defendants did in fact also threaten the Plaintiff in a civil action brought against them with criminal charges unless he dropped the suit, a violation of South and North Carolina law. The defendants did also offer illegal inducements to the attorney representing the Plaintiff in said suit to get him to drop the action against them. That Stiffler has had a long running feud with the Plaintiff and will and has done anything to defraud him of monies he is owed. That all of these Defendants are casual compliers with the law as they have the money to violate the law and get away with it. That the Plaintiff has been damaged substantially by their actions.

29. That the National Bank of York County, Bank of America and Beckey Partlow have defrauded the Plaintiff of money lawfully belonging to him and property which is his. This was all accomplished by the neglience of Bank of America and National Bank of York County and by their respective lawlessness. That Partlow has committed criminal acts and stolen and taken away property belonging to the Plaintiff and misrepresented herself in doing so, all in violation of the laws of the United States. That the actions of Partlow and the other Defendants did access and cross over into North Carolina and as such are the object of the jurisdiction of this Court. That the Plaintiff has suffered serious financial loss as a result of the negligence, the breach of contract and the fraud of these Defendants.

30. That the Bank of Asheville did violate federal law when it allowed purchases made with the Plaintiff's debit card to be made without direct authorization from the Plaintiff nor furnishing of a password. That the Plaintiff's card was used by unauthorized persons or businesses and went through the Bank of Asheville without objection, as is required by law. That the Plaintiff has recently learned of these purchases and Bank of Asheville is liable to him for the refund of same.

31. That John Spainhour, in his representation of American Express did violate several federal laws in regards to the privacy of the Plaintiff's computer by contracting, in the name of American Express for the illegal break in of said computer and obtaining information therein. Such actions have damaged the Plaintiff and caused him enormous financial loss.

32. That Marcos Manos, on assignment, did plead a case in bad faith against a Plaintiff in the state courts of North Carolina. Manos did intentionally submit false pleadings and then when the case was dismissed without prejudice by the Plaintiff represented to a judge that it was not and obtained his own dismissal. These actions are patently illegal under North Carolina law and caused the Plaintiff substantial financial loss.

33. That Wells Fargo Bank did violate the federal laws dealing with bank financial privacy and Internet privacy by releasing the records of the Plaintiff to parties not authorized to have them, by allowing third parties to obtain money from the account of the Plaintiff without legal authority and by generally violating any law they saw fit as they had the money to defend the actions brought against them. The Plaintiff has suffered substantial harm as a result.

34. That Dennis J. Dorn did breach his contract with the Plaintiff by advising the Plaintiff that he would get his property, which had been stolen by the company Dorn sold his business to, without legally advising the Plaintiff, and then refusing to do so. The Plaintiff lost his property because of these and other actions and suffered financial loss.

page thirteen

RELIEF DEMANDED

35. That the paragraphs numbered one through thirty four are incorporated herein by reference.

36. That the Plaintiff have and recover from each of the Defendants a sum in excess of ten thousand dollars in actual damages.

37. That the Plaintiff have and recover from each of the Defendants a sum in excess of ten thousand dollars in punitive damages.

38. That the Plaintiff have and recover treble damages as may be provided by the appropriate federal statute.

40. That the Plaintiff have a trial by jury.

41. That the cost of this action be taxed against the Defendants.

42. For any other relief the Court may deem just and proper.

Albert C. Burgess, Jr.
88539-071
POB 7007
Marianna, FL 32447

NOTE: If the mail is returned, please check www.bop.gov., go to Inmate Locator on the left, and ascertain the current address of the Plaintiff. The Plaintiff will make a good faith effort to keep the Court and all Defendants advised of his address.

## VERIFICATION

I, Albert C. Burgess, Jr., first being duly sworn, do depose that the statement of fact is true and correct to the best of my knowledge and ability.

s./ _____
Albert C. Burgess, Jr.

Sworn to and subscribed before me

this the 12th day of April, 2011.

_____
Notary Public for the state of Florida

My commission expires: 

GARY SAILOR
Notary Public - State of Florida
My Comm. Expires Dec 1, 2013
Commission # DD 943443

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Albert C. Burgess Jr

**DEFENDANTS**
David B. Williams, et als

(b) County of Residence of First Listed Plaintiff: Henrico, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Henderson, NC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): n/a

Attorneys (If Known): Not Known

## II. BASIS OF JURISDICTION
[X] 4 Diversity

## III. CITIZENSHIP OF PRINCIPAL PARTIES
Citizen of This State: DEF [X] 1
Citizen of Another State: PTF [X] 2
Incorporated or Principal Place of Business In This State: DEF [X] 4

## IV. NATURE OF SUIT
[X] 440 Other Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. § 1331, 1332

Brief description of cause: Breach of contract, personal injury

## VII. REQUESTED IN COMPLAINT:
DEMAND $ excess 10K
JURY DEMAND: [X] Yes

## VIII. RELATED CASE(S) IF ANY
JUDGE: ?

DATE: 4-14-11
SIGNATURE OF ~~ATTORNEY OF RECORD~~ Pro Se

Case 1:11-cv-00316-WEB-LPA  Document 1  Filed 04/21/11  Page 15 of 15