IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALBERT C. BURGESS, JR.,             )
                                    )
              Plaintiff,            )
                                    )
     v.                             )     1:11CV316
                                    )
DAVID B. WILLIAMS, et al.,          )
                                    )
              Defendant(s).         )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's pro se Motion to Reconsider (Docket Entry 12). (See Docket Entry dated Mar. 26, 2012.) For the reasons that follow, the Court should deny Plaintiff's instant Motion and should dismiss this action without prejudice.

BACKGROUND

Plaintiff's instant Motion appears to seek reconsideration of the Order entered by the Court (per Senior United States District Judge W. Earl Britt) on February 9, 2012 (Docket Entry 11), which overruled Plaintiff's Objections (Docket Entry 10) to the Order entered by the undersigned Magistrate Judge on November 2, 2011 (Docket Entry 7). (See Docket Entry 12 at 1-3.) In addition to overruling Plaintiff's Objections to the undersigned Magistrate Judge's prior Order, Judge Britt's Order directed Plaintiff to "file any new, successor complaints in accordance with [the

undersigned Magistrate Judge's prior] Order by March 30, 2012."
(Docket Entry 11 at 2.) Moreover, Judge Britt's Order explicitly
warned Plaintiff (in bold, all-capitalized type-face) that a
failure to comply with that directive in a timely fashion would
result in dismissal of this case without prejudice without any
further notice to Plaintiff. (Id.) A search of this Court's
records confirms that Plaintiff has not complied with Judge Britt's
Order in that Plaintiff has failed to file proper successor
complaints regarding the various unrelated "counts" or "claims" in
his pleading in this case.

## DISCUSSION

As authority for the requested reconsideration, Plaintiff's
instant Motion cites "Rule 59-FRCP." (Id. at 1.) Said Rule
addresses reconsideration of orders only to the extent that it
states that "[a] motion to alter or amend a judgment must be filed
no later than 28 days after the entry of the judgment," Fed. R.
Civ. P. 59(e). "Although Rule 59(e) does not itself provide a
standard under which a district court may grant a motion to alter
or amend a judgment, [the United States Court of Appeals for the
Fourth Circuit] ha[s] previously recognized that there are three
grounds for amending an earlier judgment: (1) to accommodate an
intervening change in controlling law; (2) to account for new
evidence not available at trial; or (3) to correct a clear error of
law or prevent manifest injustice." Pacific Ins. Co. v. American

Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "It is an extraordinary remedy that should be applied sparingly." Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., ___ F.3d ___, ___, 2012 WL 990520, at *6 (4th Cir. 2012).

Another Rule provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Although . . . the standards governing reconsideration of final judgments under Fed. R. Civ. P. 59(e) do not limit a court's authority to reconsider an interlocutory decision, courts in the Fourth Circuit have routinely looked to those factors as a starting point in guiding their discretion under Fed. R. Civ. P. 54(b)." Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished) (internal citations omitted). "In addition, this Court (per Magistrate Judge [Russell A.] Eliason) previously has declared that '[a] motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.'" Id. (quoting United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003)). "Conversely, 'a

motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter.'" Id. (quoting Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (unpublished) (internal citations and quotation marks omitted)).

In light of the foregoing standards, Plaintiff's instant Motion does not provide a sound basis for reconsideration of Judge Britt's Order. Instead, said Motion presents the same generalized criticisms of the undersigned Magistrate Judge's prior Order as appeared in Plaintiff's Objections. (Compare Docket Entry 10, with Docket Entry 12.) At most, Plaintiff's instant Motion "only asks the Court to rethink its prior decision," Volumetrics, 2011 WL 6934696, at *2, without offering any new information, authority, or arguments unavailable to Plaintiff at the time he filed his Objections. Plaintiff's instant Motion certainly does not show that Judge Britt misapprehended the record or Plaintiff's position, made a clear legal error, or caused some manifest injustice. The Court therefore should deny Plaintiff's instant Motion.

Further, the Court should dismiss this action without prejudice due to Plaintiff's failure to comply with Judge Britt's Order, which required Plaintiff to submit proper successor

complaints by March 30, 2012.[1] "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action based on Plaintiff's failure to comply with Judge Britt's Order.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the delay caused by Plaintiff's non-compliance prejudices Defendants' right to adjudication when memories remain

---

[1] "Merely filing a motion for reconsideration does not stay an impeding deadline." In re Republic of Ecuador, Nos. C-10-80225 MISC CRB (EMC), C-10-80324 MISC CRB (EMC), 2011 WL 736868, at *4 (N.D. Cal. Feb. 22, 2011) (unpublished) (citing Maness v. Meyers, 419 U.S. 449, 458 (1975)).

fresh, Plaintiff has had adequate time to comply, and no other sanction appears feasible or sufficient.

In fact, Judge Britt's Order expressly cautioned Plaintiff that non-compliance would result in dismissal without prejudice without further notice. (See Docket Entry 11 at 2.) In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id. at 96.

## CONCLUSION

Plaintiff has failed to provide a valid basis for reconsideration of Judge Britt's Order and has failed to comply with that Order, despite receiving an express warning regarding the consequences of such non-compliance.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's pro se Motion to Reconsider (Docket Entry 12) be denied.

**IT IS FURTHER RECOMMENDED** that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 16, 2012